# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CARDTEK INTERNATIONAL, LTD a/k/a CARDTEK INTERNATIONAL, INC., | |
| Plaintiff, | Case No. 2:25-cv-01202 |
| v. | |
| TARGET CORPORATION, | |
| Defendant. | |

**<u>DECLARATION OF ALEC BAKKE IN SUPPORT OF
DEFENDANT TARGET CORPORATION'S MOTION TO TRANSFER VENUE TO
THE DISTRICT OF MINNESOTA</u>**

I, Alec Bakke, declare as follows:

1.      I provide this declaration in support of Defendants' Target Corporation's ("Target") motion to transfer venue to the United States District Court for the District of Minnesota. I submit this declaration based upon my knowledge of the corporate history and structure of Target, the corporate records of Target that are maintained in the ordinary course of its business, knowledge obtained in the course of my employment at Target, and conversations with my colleagues at Target. If called upon to testify, I could and would testify competently to the matters set forth in this declaration.

2.      Target is a national retailer incorporated and headquartered in Minneapolis, Minnesota. Target traces its origins to 1902, when George Dayton founded Goodfellow Dry Goods in Minneapolis. The company grew into Dayton's department stores, opened

1

the first Target store in 1962 in Roseville, Minnesota, and formally became Target

Corporation in 2000. Today, Target is one of Minnesota's largest and most prominent

employers. Target employs thousands of individuals and is a major contributor to the

local economy.

3.      Target maintains two corporate offices in the Twin Cities metro area: its

Headquarters in downtown Minneapolis, and its North Campus in Brooklyn Park,

Minnesota. These two offices employ roughly 7,000 people. As of the date of this

declaration, Target maintains approximately 72 stores in the District of Minnesota.

4.      I understand that the Eastern District of Texas comprises the following

counties: Anderson, Cherokee, Henderson, Panola, Rains, Smith, Van Zandt, Wood,

Hardin, Jasper, Jefferson, Liberty, Newton, Orange, Collin, Cook, Delta, Denton, Fannin,

Grayson, Hopkins, Lamar, Camp, Cass, Harrison, Marion, Morris, Upshur, Bowie,

Franklin, Red River, Titus, Angelina, Houston, Nacogdoches, Polk, Sabine, San

Augustine, Shelby, Trinity, and Tyler. As of the date of this declaration, Target maintains

many more stores in the District of Minnesota than the Eastern District of Texas.

5.      I am a Senior Product Manager at Target. In this role, I manage

cross-collaborative efforts amongst various teams to enhance the in-store guest checkout

experience. In my role, I am responsible for the customer (Target guest) interface at the

Point-of-Sale ("POS") terminal in Target stores. More specifically, I am responsible for

the way in which the POS terminal interacts with other aspects of the guest checkout

process.

2

6.    I currently live and work in Minneapolis, Minnesota. Most of my Target teammates also live and work in the Minneapolis, Minnesota area. No member of my team is located in (or works remotely from) Texas.

7.    I have reviewed the Complaint filed by Cardtek International, Ltd. a/k/a Cardtek International, Inc. ("Cardtek") that accuses Target of patent infringement. I understand that Cardtek's complaint in this case identifies the Target mobile application ("Target App"), POS terminal, and associated backend systems (collectively, the "Accused Instrumentalities") of infringing Cardtek's patents. Based on my own experiences and conversations with other Target staff members, I am knowledgeable regarding the features and functionality of the Accused Instrumentalities—most significantly, the way in which the POS terminal interacts with other aspects of the guest checkout process, including "the barcode or QR code generated … at the [Target] store's point-of-sale terminals" that is referenced in Cardtek's complaint.

8.    Target's headquarters is the strategic center of Target's business and supports Target stores all over the country. Decisions related to Target's overall corporate business are made in Minneapolis, Minnesota, including significant engineering, sales, and marketing decisions related to the Accused Instrumentalities. As described in more detail below, design and development work for the Accused Instrumentalities is led from Target's two corporate offices in the Twin Cities metro area: its Headquarters in downtown Minneapolis, and its North Campus in Brooklyn Park, Minnesota.

9.    It is my understanding that the hardware components for POS terminals and backend servers are procured, specified, and managed from Target's Twin Cities offices.

3

I understand that representative physical POS terminal units and any test or evaluation hardware relevant to the Accused Instrumentalities are located in the Twin Cities.

10.     It is my understanding that design and development work concerning the source code governing the logic and functionality of the Accused Instrumentalities is led from Target's Twin Cities offices. Accessing and reviewing that source code in the context of this litigation would require direct coordination with Target's Minneapolis-based engineering personnel.

11.     In addition, Target's global marketing and financial operations, including marketing and financial operations related to the Accused Instrumentalities, are based at its headquarters in Minneapolis, Minnesota. Specifically, records related to Target's revenue attributable to the Accused Instrumentalities, marketing decisions regarding checkout features and the Target App, technology development budgets, and financial planning related to the Accused Instrumentalities are created and maintained at Target's Minneapolis headquarters.

12.     Based on its current understanding of Cardtek's infringement allegations, Target has identified two other witnesses with potentially relevant information:

a. Shayne Kirchner – Senior Engineering Manager. Mr. Kirchner oversees engineering needs for Target's Store Payments Service team. Mr. Kirchner's responsibilities include integration and management of third-party payment services within Target's guest checkout ecosystem. Mr. Kirchner lives in the Minneapolis metropolitan area and works at Target's headquarters in Minneapolis.

4

b. Sunil Kasturi – Principal Engineer. Mr. Kasturi oversees engineering needs on my team. Accordingly, he is responsible for engineering needs associated with the customer (Target guest) interface at the POS terminal in Target stores. Mr. Kasturi lives in the Minneapolis metropolitan area and works at Target's headquarters in Minneapolis.

Based on my conversations with counsel, I understand that I, Mr. Kirchner, and Mr. Kasturi are each anticipated trial witnesses in this case, and that Target expects each of us to testify at trial regarding the design, development, and operation of the Accused Instrumentalities.

13. Target has not identified any potentially relevant witnesses in this District. After reasonable inquiry, I am not aware of any Target employees with knowledge relevant to the Accused Instrumentalities who live or work in the Eastern District of Texas, or who regularly conduct Target business in the Eastern District of Texas in connection with the Accused Instrumentalities.

14. I understand that the Court presiding over this case is in Marshall, Texas. I have never been to Marshall, Texas. I have no regular business activities in the Eastern District of Texas, and none of my work related to the Accused Instrumentalities has been conducted in Texas. If I had to travel to the Court for this case, it would be inconvenient and a disruption of my every-day life. I understand that, to get to Marshall, I would have to either: (1) fly approximately three hours from the Minneapolis-Saint Paul International Airport to the Dallas Fort Worth International Airport and then drive approximately two and a half hours to Marshall, or (2) take an approximately five and a half hour trip from

the Minneapolis-Saint Paul International Airport to Shreveport Regional Airport (connecting through Dallas Fort Worth International Airport) and then drive approximately 30 minutes to Marshall. These options are inconvenient. I have confirmed with Mr. Kirchner and Mr. Kasturi that they also reside in the Minneapolis metropolitan area and would face a substantially equivalent travel burden to reach Marshall, Texas for any deposition or trial proceedings in this District.

Date: 5/15/2026                                      ___Alec Bakke_____
                                                           Alec Bakke